# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL T. PINES, Booking #15720952,<br><br>Plaintiff,<br><br>vs.<br><br>Dr. POTTS, Psychologist;<br>Dr. POLICAR, Psychiatrist;<br>PATTON STATE HOSPITAL STAFF,<br><br>Defendants. | Civil No.   15cv0879 JAH (MDD)<br><br>**ORDER:**<br><br>**1) DENYING MOTIONS TO PROCEED *IN FORMA PAUPERIS* PURSUANT TO 28 U.S.C. § 1915(a) [Doc. Nos. 2, 4]**<br><br>**AND**<br><br>**2) DISMISSING CIVIL ACTION FOR LACK OF PROPER VENUE PURSUANT TO 28 U.S.C. § 1391(b) AND 28 U.S.C. § 1406(a)** |

Michael T. Potts "(Plaintiff"), currently detained at the San Diego County Jail ("SDCJ"), and proceeding pro se, has filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983 (Doc. No. 1).

Plaintiff claims a Patton State Hospital ("PSH") psychologist, a PSH psychiatrist, and other unnamed PSH staff entered into several "criminal" conspiracies while evaluating him during state mental competency proceedings, "pending from August 26, 2011 until January 2015," in order to violate his rights to counsel, due process, equal protection, freedom of speech, to be free of cruel and unusual punishments, and in contravention of an "International Peace Treaty with Mexico." *See* Compl. at 1-4.

Plaintiff seeks injunctive relief enjoining Defendants from "facilitating state court proceedings," as well as $20 million in general and punitive damages. *Id.* at 10.

Plaintiff has not prepaid the civil filing fee required by 28 U.S.C. § 1914(a); instead, he has filed two separate Motions to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (Doc. Nos. 2, 4).

## I. MOTIONS TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the plaintiff is a prisoner at the time of filing, he may be granted leave to proceed IFP, but he nevertheless remains obligated to pay the entire fee in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002). A "prisoner" is defined as "any person" who at the time of filing is "incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h); *Taylor*, 281 F.3d at 847.

In order to comply with the PLRA, prisoners seeking leave to proceed IFP must also submit a "certified copy of the[ir] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint. . . ." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1), (4); *see Taylor*, 281 F.3d at 850. Thereafter, the institution having custody of the prisoner collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forwards them to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

While Plaintiff has filed two Motions to Proceed IFP pursuant to 28 U.S.C. § 1915(a), he has not attached a certified copy of his SDCJ trust account statements, or an institutional equivalent, for the 6-month period immediately preceding the filing of his Complaint, to either one of them. *See* 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2. Section 1915(a)(2) clearly requires that prisoners "seeking to bring a civil action . . . without prepayment of fees . . . *shall* submit a certified copy of the trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2) (emphasis added).

Without Plaintiff's trust account statements, the Court is simply unable to assess the appropriate amount of the initial filing fee which is statutorily required to initiate the prosecution of this civil action. *See* 28 U.S.C. § 1915(b)(1). Therefore, his Motions to Proceed IFP must be DENIED.

**II.   VENUE**

While the Court would normally grant Plaintiff an opportunity to either pay the full filing fee or file a new Motion to Proceed IFP, together with the trust account statements required by 28 U.S.C. § 1915(b)(1), an initial review of his Complaint further reveals that he has filed his case in the improper venue. Venue may be raised by a court sua sponte where the defendant has not yet filed a responsive pleading and the time for doing so has not run. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).

Section 1391(b) of Title 28 of the U.S. Code provides, in pertinent part, that a "civil action may be brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a

judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[.]" 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488; *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986)."The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

While Plaintiff is currently detained at SDCJ, all Defendants are alleged to reside in and to be employed at PSH, which is located in Patton, California, and within the County of San Bernardino. Moreover, Plaintiff does *not* allege that his claims against these PSH Defendants arose in either San Diego or Imperial County. Therefore, as currently alleged, venue would appear to be proper in the Central District of California, Eastern Division, pursuant to 28 U.S.C. § 84(c)(1), but not in the Southern District of California, pursuant to 28 U.S.C. § 84(d) ("The Southern District [of California] comprises the counties of Imperial and San Diego."). *See* 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488. Accordingly, the Court also finds dismissal of the action without prejudice based on its lack of proper venue is appropriate. *See* 28 U.S.C. § 1406(a).

### III.   CONCLUSION AND ORDER

Accordingly, the Court **DENIES** Plaintiff's Motions to Proceed IFP (Doc. Nos. 2, 4) and **DISMISSES** this action sua sponte without prejudice based on Plaintiff's failure to pay the $400 filing fee required by 28 U.S.C. § 1914(a), his failure to file a properly supported Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a), and for lack of proper venue pursuant to 28 U.S.C. § 1391(b) and § 1406(a).

**IT IS SO ORDERED**.

DATED: July 27, 2015

_____
JOHN A. HOUSTON
United States District Judge